HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLAAS PORTER, adult individual; and DENISE WELLMAN, adult individual,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA; BAC HOME LOANS SERVICING, LP,<br><br>Defendant. | CASE NO. 3:13-cv-05485-RBL<br><br>ORDER |

This matter is before the Court on defendant's Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6), or for a more definite statement under Rule 12(e). [Dkt. #6]. At the same time, Plaintiffs move for remand to state court based on their claim that the amount in controversy does not exceed $75,000. [Dkt. #11].

Because the Complaint is facially deficient, and because the amount in controversy cannot be determined until it is remedied, the Motion to Dismiss is DENIED without prejudice, the Motion for a More Definite Statement is GRANTED and the Motion to Remand is STAYED pending the Court's review of the Amended Complaint.

ORDER - 1

I.     DISCUSSION

**A.     The Complaint is facially deficient.**

This case involves a homeowners' dispute with their mortgage lender over the terms of the loan, and the plaintiff homeowners' claim that the defendant lender is improperly treating the loan as in default.

Plaintiffs previously filed a similar action against the same defendant in September 2010. Those parties settled that case on December 1, 2011 and Plaintiffs' claims were "dismissed with prejudice." [Dkt. # 1, Ex. A, p.8]. Therefore, any and all claims asserted in the previous suit and accruing before December 1, 2011 are barred by res judicata.

In addition to claims asserted in the prior litigation, Plaintiffs now allege that, after the dismissal of the first suit, Defendant breached the terms of the December 1, 2011 settlement agreement, and committed additional intentional torts. The Plaintiffs' complaint does not articulate the terms of the settlement agreement, how it was breached, or how they were damaged. They do not attach or even quote the settlement agreement, and they make no effort to distinguish between the claims that were asserted and settled previously, and those which survived or accrued after the dismissal with prejudice.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts,

conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Plaintiffs' Complaint does not meet this standard. They have not articulated a breach of contract claim and most of the other claims were asserted in the first action. The Motion to Dismiss is DENIED without prejudice. The Motion for a More Definite Statement is GRANTED. Plaintiffs shall amend their complaint to address these deficiencies within 20 days.

**B.      The Court Cannot Determine the Amount in Controversy,**

Plaintiffs' Motion to Remand is based on their claim that the $75,000 amount in controversy requirement is not met and that this Court accordingly does not have diversity jurisdiction over the case. The complaint's deficiencies do not allow the Court to determine the amount in controversy. This motion is STAYED pending the amended complaint

IT IS SO ORDERED.

Dated this 23rd day of August, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE